IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VERONI BRANDS, CORP. a Delaware corporation, | )<br>)<br>) |
| Plaintiff, | ) Case No. 21-5084<br>)<br>) Hon. Judge |
| v. | )<br>)<br>) |
| 7-ELEVEN, INC, a Texas corporation, | )<br>) |
| Defendants. | ) |

# COMPLAINT

## I. Parties

1. Plaintiff, Veroni Brands Corp. ("Veroni"), is a Delaware corporation, with its principal place of business in Illinois; it is therefore, a citizen of the States of Illinois and Delaware.

2. Defendant, 7-Eleven, Inc. (7-Eleven"), is a Texas corporation, with its principal place of business in Texas. It is, therefore, a citizen of the State of Texas.

## II. Jurisdiction and Venue

3. Jurisdiction is proper under 28 U.S.C. 1331 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in the Northern District of Illinois because the acts or omissions that give rise to the claims occurred, in substantial part, in this District.

## III. Allegations Common to all Counts

5. On October 1, 2019, the parties executed a Proprietary Product Purchase and Distribution Agreement ("Agreement").

6. On August 20, 2021, Igor Gabal, President of Veroni, received an email from 7-Eleven that purports to terminate ("Purported Termination") the Agreement.

7. 7-Eleven claims termination of the Agreement pursuant to Section 11.03, claiming Veroni did not meet its obligation to "fill Orders placed by Authorized Distributers in a timely manner at ninety-six percent (96%) fill rate for more than thirty (30) days ("Fill Obligation").

8. This is simply not accurate.

9. There was no shortage of supply by Veroni; Veroni always had, and still has, a significant amount of inventory produced and currently being stored in both the U.S. warehouse and in the warehouse at the factory in Poland.

10. At all relevant times, Veroni stood ready, willing and able to supply the requested amounts to McLane Company, Inc. ("McLane") and Core-Mark.

11. It was 7-Eleven's Authorized Distributors, McLane and Core-Mark, that did not place Orders in accordance with the Agreement to meet the minimum of full-pallet requirements to each distributors' distribution centers. Veroni secured and imported adequate amount of inventory in order to fulfill 7-Eleven's projections, which were given by 7-Eleven to Veroni prior to securing and shipping the product.

12. The issue with the Fill Obligation strictly lies with McClane and Core-Mark, who refused to place an adequate amount of product on each purchase order for each distribution center, and refused to accept deliveries of the minimum "full pallet" of the product per Veroni's agreement with 7-Eleven.

13. For instance, with respect to the June 5·2020 "Total Production Request for Supplier" sent by 7- Eleven's representative requesting Veroni to supply a total (initial plus replenishment) of 425,326 units per flavor of 7-Select PB-Cups. Veroni had this quantity

available at any given time to fulfill 7-Eleven's demand. But then, due to conduct by 7-Eleven's mandatory "Authorized Distributors," a substantial number of units were not ordered or purchased, causing over $100,000 of product to expire.

14. By terminating the Agreement, and refusing to continue purchasing private-label 7-Select brands of 2 SKUs of PB-Cups and 3 SKUs of 7-Select Chocolate Bars (that supplier had produced and been carrying in inventory for the last six months in order to support 7-Eleven's demand), caused significant monetary damage to Veroni, as a supplier of 7-Eleven private-label 7-Select brand.

15. As a result of Defendant's conduct, Veroni was damaged in the amounts of:

    (a)      $148,070.00 for 5695 cases of 2 SKUs of PB-Cups and;

    (b)      $185,452.50 for 7825 cases of 3 SKUs of 7-Select Chocolate Bars

16. Defendants are also responsible for lost profits stemming from its breach of the contract and improper termination of the contract.

WHEREFORE, the Plaintiff, VERONI BRANDS CORP. seeks judgment against Defendant, 7-ELEVEN, Inc., in an amount to be proved at trial, in excess of $75,000.00, plus costs and any other relief deemed proper by the Court.

                                                                              Respectfully Submitted,
                                                                              /s Christopher V. Langone

PO Box 5084
Skokie, IL 60077
(312) 720-9191
LangoneLaw@gmail.com